IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,680-01






EX PARTE JULIO CESAR RUIZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2010-4-5244 IN THE 24TH DISTRICT COURT


FROM REFUGIO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty without a plea
agreement, was convicted of possession of marijuana, and sentenced to twenty years' imprisonment. 
He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he did not call Applicant's co-defendant, Salinas, who allegedly would have testified that Applicant
knew nothing of the drugs hidden in the car.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether counsel was
informed that Salinas' testimony would have been that Applicant knew nothing of the drugs found
in the car, and if so, why he did not pursue that as that basis for a defense. The trial court shall make
findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 13, 2012

Do not publish